# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MANUEL ALLSTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:21-cv-0141-PX |
| KENDRA ROSS, *et al.*, | * | |
| Defendants. | | |

***

## MEMORANDUM OPINION

This case is one of nine separate, and nearly identical, lawsuits brought in Maryland and Kansas by members of the United Nation of Islam and its successor organizations (collectively "UNOI"), against former members Kendra Ross and her mother, Cheryl Ross.[1]  ECF No. 2.  Pro se Plaintiff Manuel Allston ("Allston") has filed this action, which Defendants move to dismiss.  ECF No. 2 & 6.  In response, Allston has filed several inscrutable and ultimately meritless motions.  *See* ECF Nos. 18, 19, 25 & 28.  The motions are fully briefed, and no hearing is necessary.  *See* Loc. R. 105.6.  For the following reasons, Plaintiff's motions are DENIED, and Defendants' motion to dismiss the Complaint is GRANTED.

**I.     Background**

In 2017, Kendra Ross and her mother, Cheryl, successfully sued UNOI and its leader, Royall Jenkins, in a federal court in Kansas for violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589, 1590, and 1595, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961.  ECF No. 6-2 (the Kansas suit); ECF No. 2 at 13.  The Rosses

---

[1] *See* ECF No. 6-1 at 1 n.1 (four Kansas lawsuits); *Jenkins v. Ross*, No. PX-21-0139, ECF No. 3 (D. Md. Jan. 21, 2021); *Forbes v. Ross*, No. PX-21-0140, ECF No. 2 (D. Md. Jan. 21, 2021); *Forbes v. Ross*, No. PX-21-0142, ECF No. 2 (D. Md. Jan. 15, 2021); *Robertson v. Ross*, No. PX-21-0143, ECF No. 2 (D. Md. Jan. 15, 2021).

alleged that UNOI members took Kendra from her family at 11-years old and forced her to work long, grueling hours at various UNOI establishments across the country without pay for over a decade. ECF No. 6-2 at 4, 7–10. The suit further alleged that UNOI dictated every facet of Kendra's life—where she lived, where she worked, how many hours she worked, what she could eat, how much she could weigh, what medical care she received, and ultimately whom she married. *Id.* at 5–10. At age 21, Kendra finally cut ties with UNOI in 2012 with the help of family and advocacy organizations. *Id.* at 10. The Kansas suit ultimately ended in default judgment, after UNOI failed to participate at all in the litigation. The district court, after a full evidentiary hearing, awarded roughly $7.2 million dollars in damages on all claims. *Id.* at 25.

Now, four years later, UNOI members, including Allston, have filed five separate actions against Kendra and her mother in the Circuit Court of Prince George's County, each with identical claims. *See supra* at 1 n.1. The complaints allege that Kendra and Cheryl Ross breached their contractual agreements with UNOI by leaving the organization and, in Kendra's case, by suing it; and that the lawsuit itself defamed UNOI. *See, e.g.*, ECF No. 2 at 2. Defendants timely removed this action on January 15, 2021, and now seek dismissal of the Complaint for failure to state a claim.[2] ECF Nos. 1 & 6.

## II.     Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all

---

[2] The Court was initially skeptical that it maintained diversity jurisdiction over the case, and so it directed the parties to submit supplemental pleadings addressing this question. ECF No. 27. The Court is now satisfied that it maintains diversity jurisdiction in that Allston is a citizen of Maryland while the Defendants are citizens of Virginia (Kendra Ross) and Tennessee (Cheryl Ross), and the amount in controversy exceeds $75, 000. *See* ECF No. 29 at 3; ECF No. 29-1 at 5; ECF No. 28 at 2; 28 U.S.C. §§ 1332(a), 1441(a), 1446(c). Accordingly, the Court denies Allston's "motion for judicial notice demand for a proper court setting," motion to strike, and motion for transfer to cure lack of jurisdiction. ECF Nos. 18, 19 & 25.

facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Court need not accept conclusory factual allegations devoid of any reference to actual events or allegations that "contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quotation omitted); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004). The Court may also consider materials attached to the complaint, provided they are integral to the complaint and authentic, without transforming the motion to dismiss into one for summary judgment. *See* Fed. R. Civ. P. 10(c); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Where there is a conflict "between the bare allegations of the complaint and any exhibit attached to the complaint, . . . the exhibit prevails." *Fayetteville Inv'rs. v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) (citation omitted).

Because Allston proceeds pro se, the Court must construe the Complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 10 (1980). The Court, however, cannot ignore a clear failure to allege facts setting forth a cognizable claim. Nor should this Court act as Plaintiff's advocate, attempting to fashion legal claims not otherwise supported by the Complaint itself. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through . . . a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." (quotation omitted)).

**III.     Analysis**

Defendants vigorously assert that both the contract and defamation claims fail as a matter of law.  The Court discusses each claim separately.

**A.     Breach of Contract**

Turning to the breach of contract claim, the Court must first decide which state substantive law applies.  This Court sitting in diversity looks to the choice-of-law rules of the forum state.  *See Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 696 (D. Md. 2011); *see also Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007).  In Maryland, courts apply the law of the state where the contract was made.  *See Balt. Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 587 (D. Md. 2019) (citing *Cunningham v. Feinberg*, 441 Md. 310, 326 (2015)).  A contract is made where the last act necessary to make the contract binding occurs.  *See Konover Prop. Tr., Inc. v. WHE Assocs., Inc.*, 142 Md. App. 476, 490 (2002) (quotation omitted).

Here, Defendants assert, and Allston does not dispute, that any contract between the Rosses and UNOI would have been "made and performed" in Kansas, where UNOI is headquartered.  ECF No. 6-1 at 6; *see also* ECF No. 6-2 at 4, 7; ECF No. 2-1 at 4, 7.  Although the Complaint facts are thin in this respect, the Court notes that application of Maryland, Georgia, or Kansas common law of contract does not affect the outcome.[3]  Thus, the Court will accept the parties' proffer and apply Kansas law.

Under Kansas law, the Complaint facts must make plausible "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the

---

[3] The Complaint does not make clear where the Rosses were living in 1995 when Cheryl Ross allegedly entered into the claimed memorandum of agreement with UNOI.  *See* ECF No. 2.  Defendants have represented in other litigation that they lived in Georgia in 1995 and then moved to Kansas City, Kansas in 2011 once they became full-time UNOI members.  *See* ECF No. 6-2 at 7.

plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach." *Stechschulte v. Jennings*, 297 Kan. 2, 23 (2013) (quotation omitted).[4] When reading the Complaint facts most favorably to Allston, the Court cannot conclude that the parties entered into a legally enforceable contract.

The Complaint avers essentially that Cheryl Ross agreed to become a member of UNOI to "volunteer" nonspecific services in exchange for food, housing and shelter for her and her then minor child, Kendra. *See* ECF No. 2 at 7, 9–10. As for the claimed contractual "breach," the Complaint avers that this "agreement was violated once Kendra Ross … decided to leave the community" when she became of age. *Id.* at 7. An agreement where members "volunteer" to work for the community, and are in breach when they choose to *leave*, can only be read as commanding servitude for a modicum of shelter and food. As a contract for indentured servitude, the claim is unconscionable on its face. *See Frazier v. Goudschaal*, 296 Kan. 730, 749 (2013) ("Public policy forbids enforcement of an illegal or immoral contract.").[5] For this same reason, the claim is "truly unamendable," and is dismissed with prejudice. *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009); *see Weigel v. Maryland*, 950 F. Supp. 2d 811, 826 (D. Md. 2013) (citation omitted).

### B. Defamation

The defamation claim is equally infirm. Under the relevant choice-of-law analysis, this

---

[4] *See also B-Line Medical, LLC v. Interactive Digital Solutions, Inc.*, 209 Md. App. 22, 46 (2012) (requiring offer, acceptance, and consideration); *Kumar v. Dhanda*, 198 Md. App. 337, 345 (2011); *Cline v. Lee*, 260 Ga. App. 164, 168 (2003) (elements under Georgia law are subject matter of the contract, consideration, and mutual assent by all parties to contract terms).

[5] Georgia and Maryland courts similarly consider such an agreement invalid. *See Dep't of Transp. v. Brooks*, 254 Ga. 303, 312 (1985) (stating an illegal or immoral contract is void as against public policy); *see also Springlake Corp. v. Symmarron Ltd. P'ship*, 81 Md. App. 694, 700–01 (1990) (distinguishing between immoral and criminal contracts and those prohibited solely by statutory law).

5

Court is to apply the law of the state where the harm occurred. *See Abadian v. Lee*, 117 F. Supp. 2d 481, 485 (D. Md. 2000) (citing *Naughton v. Bankier*, 114 Md. App. 641, 691 (1997) (following the "*lex loci delecti commissi*, or place of harm, principle" for tort claims)). The Court may consider "the state of plaintiff's domicile, the state of plaintiff's principal activity to which the alleged defamation relates, and the state where plaintiff suffered the greatest amount of harm." *Id.* at 486 (quotation omitted). However, generally speaking, "the plaintiff's state of residence bears the most significant relationship to the incident and parties because that is where the plaintiff's reputation suffers the most." *Id.* (citations omitted). Because Allston is domiciled in Maryland, the Court will apply Maryland substantive law.

The Complaint avers solely that the Defendants defamed Allston by filing a "verified complaint" containing false and slanderous statements in the Kansas lawsuit. ECF No. 2 at 10, 12–14. However, in Maryland, any "statements uttered in the course of a trial or contained in pleadings, affidavits, depositions, and other documents directly related to the case" cannot be the basis of a defamation claim. *Norman v. Borison*, 418 Md. 630, 653 (2011) (quotation omitted); *see also O'Brien & Gere Eng'rs, Inc. v. City of Salisbury*, 447 Md. 394, 413–14 (2016). Because the claimed defamatory statements were uttered in the course of judicial proceedings, Defendants enjoy immunity from suit for defamation. Further, because this defect is wholly incurable, the claim must be dismissed with prejudice.

    **C.**    **Allston's Motion for Default Judgment (ECF No. 28)**

Lastly, the Court addresses Allston's request to enter default judgment against Kendra Ross and Cheryl Ross. *See* ECF No. 28. Allston appears to assert that the Rosses were in default when the case originated in state court. *See id.* at 1–2; *see also* ECF No. 1-1 at 94, 99–101. The state court docket, at most, shows that Allston only ever served Cheryl Ross, not

Kendra Ross.  *See* ECF No. 1-1 at 98–102; *see* Md. R. Civ. P. Cir. Ct. 2-213(a) (requiring service of process to be made by a nonparty).  The Court is therefore hard pressed to see how Kendra Ross could have defaulted when she was never properly served in the first place.  As for Cheryl Ross, even assuming she did not timely respond to the Complaint in state court, the state court never entered default and returned Allston's motion for failure to comply with Maryland and local rules.  *See Allston v. Ross*, No. CAL20-15993 (Jan. 14, 2021); Md. R. Civ. P. Cir. Ct. 2-613(b), (f); *Sigala v. ABR of VA, Inc.*, No. GJH-15-1779, 2016 WL 1643759, at *2 n.2 (D. Md. Apr. 21, 2016) (obtaining a clerk's entry of default is a "necessary prerequisite to obtaining judgement by default." (citation omitted)).  Ultimately, Kendra and Cheryl Ross have participated extensively in this litigation since this action was removed; the case is in its infancy; and denial of default judgment works no prejudice against Allston.  *See* Fed. R. Civ. P. 55(a); *see also* Loc. R. 108.2.  The motion is therefore denied.  ECF No. 28.

**VI.     Conclusion**

For the foregoing reasons, the motion to dismiss is GRANTED (ECF No. 6), and Allston's motions are DENIED (ECF Nos. 18, 19, 25 & 28).  A separate Order follows.

| 7/9/2021 | /s/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |